UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY O'HERN, *et al.*, Individually and on Behalf of All Others Similarly Situated,<br><br>                         **Plaintiffs,**<br><br>   v.<br><br>**VIDA LONGEVITY FUND, LP, *et al.*,**<br><br>                         **Defendants.** | No. 1:21-cv-00402-SRF |

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT

      WHEREAS Plaintiffs Timothy O'Hern, Semyon Rodkin, and Dominic Cardinale, on

behalf of themselves and the Class (as defined below), and Defendants Vida Longevity Fund,

LP, Vida Management I, LLC, Vida Capital Management, LLC, Vida Capital, Inc., Vida Capital,

LLC, and Jeffrey R. Serra have entered into a Settlement Agreement that, if approved by the

Court, would settle all Claims[1] that have been, could have been, or could be asserted in this

Action; and

      WHEREAS Plaintiffs filed a motion pursuant to Fed. R. Civ. P. 23(e)(1) asking the Court

to approve the proposed Settlement preliminarily, direct that notice of the proposed Settlement

be provided to Class Members, and schedule a hearing for final approval of the proposed

Settlement; and

      WHEREAS Plaintiffs attached to the motion the Settlement Agreement, including its

annexed exhibits; and

---

[1]    To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement.

WHEREAS the Court has read and considered the Settlement Agreement and the Settling Parties' submissions; and

WHEREAS the proposed Settlement is subject to the Court's final approval at the Fairness Hearing to be held as discussed below;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    **Preliminary Findings on Proposed Settlement.**  The Court hereby finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the proposed Settlement evidenced by the Settlement Agreement as fair, reasonable, and adequate to the Class under Rule 23(e)(2), and thus the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of it to the Class and scheduling a Fairness Hearing for further review of the proposed Settlement.  In making these findings for preliminary approval, the Court has considered a number of factors, including those specified in Federal Rule of Civil Procedure 23(e)(2) and in *In re National Football League Players Concussion Injury Litigation*, 821 F.3d 410, 437 (3d Cir. 2016), including the adequacy of Plaintiffs' and their counsel's representation of the Class, the arm's-length nature of the negotiations of the proposed Settlement, the adequacy of the relief to be provided to the Class, the equitable treatment of Class Members relative to each other, the nature of the Settling Parties' respective claims and defenses, the information available to the Settling Parties, and the allocation of the proposed settlement relief.  Based on those considerations, the Court preliminarily concludes that (*i*) the proposed Settlement appears to have resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel, under the auspices of an experienced mediator, and appears likely to be approved, and

2

(*ii*) the terms and conditions of the Settlement Agreement do not have any obvious deficiencies and do not improperly grant preferential treatment to any individual Class Members.

2. **Proposed Certification of Class Solely for Settlement Purposes.** Solely for purposes of the proposed Settlement, the Settling Parties have stipulated to the certification of the following Class pursuant to Fed. R. Civ. P. 23(b)(3): all persons and entities who, during the period from January 1, 2017 through March 19, 2021, inclusive, purchased or otherwise acquired VLF Interests, either directly, or indirectly through Life Assets Trust S.A. Compartments VII and/or VIII, pursuant to an offering of those partnership interests. Excluded from the Class are:

a.      such persons or entities who submit valid and timely requests for exclusion from the Class;

b.      such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

c.      Defendants; the agents or employees of Defendants; any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants during the Class Period (*provided, however,* that the term "affiliate" or "affiliated with" shall not include Life Assets Trust S.A. Compartments VII and VIII); and any judge or judicial officer who may hear any aspect of this case, and his or her law clerks.

3. **Class Findings.** The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class solely for purposes of the proposed Settlement. Specifically, the Court finds that, for settlement purposes, each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and any other applicable laws has been met or will likely be met:

3

a.      The Class appears to be ascertainable from business records and/or from objective criteria;

b.      The Class appears to be so numerous that joinder of all members would be impractical;

c.      Plaintiffs have alleged one or more questions of fact and/or law that appear to be common to all Class Members;

d.      Based on Plaintiffs' allegations that Defendants engaged in uniform conduct affecting all Class Members, Plaintiffs' claims appear to be typical of those of the other members of the Class;

e.      Plaintiffs appear to be capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Plaintiffs' interests appear to be consistent with those of the other Class Members, (*ii*) Rosca Scarlato, LLC ("Class Counsel") appears to be able and qualified to represent the Class, and (*iii*) Plaintiffs and Class Counsel appear to have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.      For settlement purposes, questions of law and/or fact common to members of the Class appear to predominate over any such questions affecting only individual Class Members, and a class action appears to be superior to all other available methods for the fair and efficient resolution of the Action.  In making these preliminary findings for settlement purposes, the Court has considered, among other things, (*i*) the questions of law and fact pled in the Complaint, (*ii*) the Class Members' interest in the fairness, reasonableness, and adequacy of the proposed Settlement, (*iii*) the Class Members' interests in individually controlling the prosecution of separate actions, (*iv*) the impracticability or inefficiency of prosecuting separate

4

actions, (*v*) the extent and nature of any litigation concerning the claims already commenced, and (*vi*) the desirability of concentrating the litigation of the claims in a particular forum.

4.     **Preliminary Certification of Class for Settlement Purposes.**  Based on the above findings, the Court preliminarily certifies the Class solely for purposes of the proposed Settlement pursuant to Fed. R. Civ. P. 23(b)(3).  This preliminary certification is made for the sole purpose of the potential consummation of the proposed settlement of the Action in accordance with the Settlement Agreement.  If the Court does not grant final approval of the proposed Settlement, or if the Court's approval of the Settlement does not become Final for any reason whatsoever or is modified in any material respect that is unacceptable to a Settling Party, this preliminary class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter arising out of the facts and circumstances that gave rise to the Action.

5.     **Preliminary Certification of Plaintiffs as Class Representatives and Appointment of Class Counsel for Settlement Purposes.**  The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that, solely for purposes of the proposed Settlement, it will likely be able to certify Timothy O'Hern, Semyon Rodkin, and Dominic Cardinale as the class representatives for the Class and to appoint Class Counsel as counsel for the Class pursuant to Fed. R. Civ. P. 23(g).  The Court therefore preliminarily appoints Timothy O'Hern, Semyon Rodkin, and Dominic Cardinale as the class representatives for the Class and Class Counsel as counsel for the Class

6.     Class Counsel has the authority to enter into the proposed Settlement on behalf of the Class and is authorized to act on behalf of the Class Members as to all acts or consents that

are required by or may be given pursuant to the Settlement Agreement or such other acts as are reasonably necessary to consummate the Settlement.

7.   **Fairness Hearing.**  Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Fairness Hearing on April 18 , 2023, at 1:00 pm. ET (a date no fewer than 110 days following the Preliminary Approval Date), before the Honorable Sherry R. Fallon, United States Magistrate Judge for the District of Delaware, at the J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, Delaware 19801-3555.  The Court may approve the proposed Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Class.

8.   At the Fairness Hearing, the Court will consider, among other things:

a.   whether the Court should grant final certification of the Action as a class action for settlement purposes and grant final appointment of Plaintiffs as Class representatives and Class Counsel as counsel for the Class;

b.   whether the Court should approve the proposed Settlement as fair, reasonable, and adequate;

c.   whether the Court should approve the proposed Plan of Allocation as fair and reasonable;

d.   whether an Approval Order and a Judgment, substantially in the forms attached to the Stipulation of Settlement as Exhibits B and C, respectively, should be entered dismissing the Action on the merits and with prejudice, and whether the Releases in the Settlement Agreement should be provided to the Releasees and Releasors;

e.      whether the Court should enter a permanent injunction and bar order as requested in the Settlement Agreement in the forms set out in the Approval Order, which is attached as Exhibit B to the Stipulation of Settlement;

f.      whether the Court should approve Plaintiffs' Counsel's application for an Attorneys' Fees and Expenses Award;

g.      whether the Court should approve Plaintiffs' application for an Incentive Award; and

h.      any other matters relating to the approval and implementation of the Settlement Agreement that the Court may deem appropriate.

9.      **Retention of Claims Administrator.**  The Court approves Plaintiffs' selection of Strategic Claims Services to serve as Claims Administrator.  The Claims Administrator shall perform various tasks as directed by Class Counsel, including:  (*i*) printing the Postcard Notice, Long-Form Notice, and Claim Form and mailing them to potential Class Members, (*ii*) arranging for publication of the Summary Notice, (*iii*) posting the Postcard Notice, Long-Form Notice, Claim Form, Summary Notice, and other documents relevant to the Settlement and the Action on a website for the Settlement, (*iv*) answering written inquiries from potential Class Members and/or forwarding such inquiries to Class Counsel, (*v*) providing additional copies of the Postcard Notice, Long-Form Notice, and Claim Form, upon request, to Nominees or potential Class Members, (*vi*) operating a toll-free telephone number with access to operators to answer inquiries from potential Class Members and/or to forward such inquiries to Class Counsel, and training staff members and operators about the proposed Settlement and the Plan of Allocation, (*vii*) receiving and maintaining any requests for exclusion from the Settlement from potential Class Members, (*viii*) receiving and processing Claim Forms from Class Members, (*ix*) mailing

7

or causing to be mailed to Authorized Claimants their distributions under the Plan of Allocation, and (x) otherwise administering and implementing the Settlement Agreement. The costs incurred by or attributed to the Claims Administrator shall be paid out of the Settlement Amount in the Escrow Account, subject to the terms of the Settlement Agreement.

10.   **Notice to Class Members.** The Court hereby approves, as to form and content, the Postcard Notice, Long-Form Notice, Claim Form, and Summary Notice annexed to the Stipulation of Settlement as Exhibits D, E, G, and F, respectively. The Court finds that the Postcard Notice, Long-Form Notice, Claim Form, and Summary Notice will sufficiently inform potential Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Class, and of each Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Postcard Notice, Long-Form Notice, and Claim Form and the publication of the Summary Notice substantially in the manner and form set forth in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to such notice. The Court expressly concludes that use of the Postcard Notice satisfies the requirements of due process, Fed. R. Civ. P. 23, and any other applicable law because, in the particular circumstances of this proposed Settlement, the cost of mailing a longer notice (such as the Long-Form Notice) to each potential Class Member would unduly erode the $1.4 million Settlement Amount. The Court is aware from the Settling Parties' submissions that numerous other courts have approved the use of postcard notices such as the one proposed here.

8

11.     Class Counsel is authorized to pay from the Settlement Amount the Notice and Administrative Expenses incurred before the Final Settlement Date, subject to the terms of the Settlement Agreement.

12.     VLF shall make reasonable efforts to provide or cause its administrator to provide to the Claims Administrator, by no later than five (5) Business Days following the entry of this Order, lists of all persons and entities that purchased VLF Interests during the Class Period, so that the Claims Administrator can provide notice to such potential Class Members.  To the extent practicable, the lists of potential Class Members shall be in electronic form (such as Excel) and shall contain the names and addresses (and email addresses, if available) of all such persons and entities who can be identified through reasonable efforts from VLF's and/or its administrator's records.

13.     By no later than the Notice Date, which date shall be sixty (60) calendar days before the deadline for objecting to or opting out of the proposed Settlement as set forth in this Order, the Claims Administrator shall mail or cause to be mailed the Postcard Notice, substantially in the form annexed to the Stipulation of Settlement as Exhibit D, by first-class mail, postage prepaid, or by email, to all potential Class Members at the addresses set forth in the records that VLF provided or caused to be provided or at the last-known address of each such person or entity, or who are identified through further reasonable efforts.

14.     By no later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice (substantially in the form annexed to the Stipulation of Settlement as Exhibit F) to be published one time through a national press service to be agreed upon by the Settling Parties.

15.     The Claims Administrator shall also cause copies of the Long-Form Notice and Claim Form (collectively, the "Notice Packet") to be mailed as soon as practicable to potential Class Members who request copies of the Notice Packet.

16.     If any Postcard Notices or Notice Packets are returned to the Claims Administrator with updated addresses, or if updated addresses are otherwise reasonably available, the Claims Administrator shall remail such Postcard Notices or Notice Packets to the updated addresses.

17.     The Claims Administrator shall cause a website link (strategicclaims.net/VLF) to be established so that potential Class Members can find information relating to the Action and the proposed Settlement.  The website shall contain, among other things, copies of (*i*) the Postcard Notice and the Long-Form Notice, including the Plan of Allocation, (*ii*) the Claim Form, (*iii*) the Summary Notice, (*iv*) the Settlement Agreement (including the exhibits), (*v*) motions for approval of the proposed Settlement, and any responsive papers, (*vi*) Plaintiffs' Counsel's motion for an Attorneys' Fees and Expenses Award, and any responsive papers, (*vii*) Plaintiffs' motion for an Incentive Award, and any responsive papers, (*viii*) the Complaint, (*ix*) this Order and any subsequent Orders concerning the proposed Settlement and the Fairness Hearing, and (*x*) such other materials as Class Counsel determines should be posted.

18.     To the extent that any Nominees purchased or otherwise acquired VLF Interests during the Class Period for the benefit of other persons or entities, those Nominees are directed, within fourteen (14) days after receipt of the Postcard Notice or the Long-Form Notice (whichever is earlier), to send a list of the names and addresses (and email addresses, if available) of such beneficial owners to the Claims Administrator, which will then send Postcard Notices to those beneficial owners.  Upon full compliance with this Order, such Nominees may

10

seek reimbursement of their reasonable expenses actually incurred in complying with this Order, up to $0.05 per name and address (and email address, if available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Postcard Notice. Such properly documented reasonable expenses incurred by Nominees in compliance with the terms of this Order shall be treated as Notice and Administrative Expenses and paid consistent with paragraph 11 above and paragraph 22 below.

19.    **CAFA Notice.** As provided in the Settlement Agreement, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA"), no later than ten (10) calendar days after the Settlement Agreement has been filed with the Court. VLF shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Fairness Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

20.    The Settling Parties and their counsel may by agreement effect any amendments to or modifications of the proposed Postcard Notice, Long-Form Notice, Summary Notice, Claim Form, and Plan of Allocation without notice to or approval by the Court if such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

21.    At least seven (7) days before the Fairness Hearing, Class Counsel and/or the Claims Administrator shall serve and file with the Court proof by affidavit or declaration of the

11

mailing of the Postcard Notice, the publication of the Summary Notice, and the posting of the

various materials on the Claims Administrator's website, all as required by this Order.

      22.    **Notice and Administrative Costs and Taxes**.  Without further order of the

Court, (*i*) as set out above, Notice and Administrative Expenses (other than the CAFA notice

expenses) will be paid, consistent with the terms of the Settlement Agreement, out of the Escrow

Account, and (*ii*) Class Counsel or its agents are authorized and directed to prepare any tax

returns required to be filed on behalf of or concerning the Settlement Amount and other monies

in the Escrow Account, to cause any Tax Expenses due and owing to be paid from the funds in

the Escrow Account, and to otherwise perform all obligations as to Tax Expenses and any

reporting or filings relating to them as contemplated by the Settlement Agreement.

      23.    **Filing of Claims.**  To be entitled to participate in recovery from the Net

Settlement Amount, each Class Member shall take the following actions and be subject to the

following conditions:

      a.    A properly completed and executed Claim Form must be submitted to the

Claims Administrator, at the address identified in the Claim Form, postmarked or received no

later than the date stated in the Claim Form (which date shall be one hundred twenty (120) days

after the date of this Order).  Such deadline may be further extended by Order of the Court.  Each

Claim Form shall be deemed to have been submitted when legibly postmarked (if properly

addressed and mailed by first-class mail), if such Claim is actually received before the filing of a

motion for an Order of the Court approving distribution of the Net Settlement Amount.  Any

Claim Form submitted in any other manner shall be deemed to have been submitted on the date

that the Claims Administrator actually receives it at the address designated in the Claim Form.

b. The Claim Form submitted by each Class Member must satisfy the following conditions: (*i*) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (*ii*) it must be accompanied by adequate supporting documentation for the reported transactions, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, purchase and (if applicable) sale agreements, or such other documentation that the Claims Administrator or Class Counsel deems adequate; (*iii*) if the person executing the Claim Form is acting in a representative capacity, such person must provide with the Claim Form a certification of his, her, or its current authority to act on behalf of the Class Member; and (*iv*) the Claim Form must be complete, contain no material deletions or modifications of any of the matter printed in the form, and be signed under penalty of perjury.

c. Upon receipt of a timely submitted Claim Form, the Claims Administrator shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter, as appropriate, describing the basis for the determination and giving the claimant an opportunity to remedy any potentially curable deficiencies. Claimants who timely submit Claim Forms that are deficient or otherwise rejected shall be afforded a reasonable time to cure any deficiency that appears to be potentially curable.

d. All claimants shall submit to the jurisdiction of the Court for all matters concerning the filing of and determinations concerning their Claim Forms.

24. **Exclusion from Class.** All potential Class Members who wish to exclude themselves from the Class must submit timely, written requests for exclusion to the Claims

Administrator at the address set out in the Postcard Notice and Long-Form Notice.  The exclusion request must include the following information:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) a statement that the potential Class Member wishes to request exclusion from the Class in *O'Hern v. Vida Longevity Fund, LP*, No. 1:21-cv-00402-SRF (D. Del.), (*vi*) the dollars subscribed to VLF Interests held as of the beginning of the day on January 1, 2017, (*vii*) the dollars subscribed to VLF Interests purchased or otherwise acquired between January 1, 2017 through the end of the day on March 19, 2021, (*viii*) the dollar value of VLF Interests sold or redeemed between January 1, 2017 and 3/31/2023 (the end of the quarter preceding the initially scheduled date for the Fairness Hearing), (*ix*) the date of each such transaction involving each such VLF Interest, (*x*) account statements verifying all such transactions, and (*xi*) the signature of the person or entity requesting exclusion or of an authorized representative.

25.      To be valid, any request for exclusion must be in writing, must contain all the information required by this Order, and must be received by the Claims Administrator no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.

26.      If the proposed Settlement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion from the Class (and all Releasors related to each such Class Member) shall be bound by the Releases in the Settlement Agreement and by all proceedings, orders, and judgments in the Action, whether favorable or unfavorable, even if he, she, or it has pending or subsequently initiates any litigation, arbitration, or other proceeding, or has any other Claim, against any or all of the Releasees relating to any of the Released Class Claims.

14

27.     At or before the Fairness Hearing, the Settling Parties shall provide to the Court a list of the persons and entities, if any, who have requested exclusion from the Class, as well as any objections to the timeliness or validity of those exclusion requests.  Persons requesting exclusion from the Class shall not be entitled to receive any payment in connection with the proposed Settlement.

28.     **Objections.**  Any Class Member who has not filed a request for exclusion from the Class and who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement, including to any terms of the Settlement Agreement, to the Plan of Allocation, and/or to the applications for an Attorneys' Fees and Expenses Award and/or an Incentive Award, must serve on Class Counsel and Defendants' Counsel and file with the Court a statement of his, her, or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection, and shall state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class.

29.     Each objection must include the name and docket number of this case (as set out at the top of this Order) and, in addition to the reason(s) for the objection, must also include the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) the dollars subscribed to VLF Interests held as of the beginning of the day on January 1, 2017, (*vi*) the dollars subscribed to VLF Interests purchased or otherwise acquired between January 1, 2017 through the end of the day on March 19, 2021, (*vii*) the dollar value of VLF Interests sold or redeemed between January 1, 2017 and 3/31/2023 (the end of the quarter preceding the initially scheduled date for the Fairness

Hearing), (*viii*) the date of each such transaction involving each such VLF Interest, and

(*ix*) account statements verifying all such transactions.

30.     All such objections must be received by the Court and by Class Counsel and

Defendants' Counsel by no later than twenty-eight (28) days before the date of the Fairness

Hearing as initially set out by the Court in this Order.  Objections must be (*i*) sent or delivered to

the following addresses:

      a.    The Court:

          Clerk of Court
          United States District Court for the District of Delaware
          J. Caleb Boggs Federal Building
          844 North King Street
          Wilmington, Delaware  19801-3555

      b.    Class Counsel:

          Alan L. Rosca, Esq.
          Rosca Scarlato, LLC
          23250 Chagrin Blvd., Suite 100
          Beachwood, Ohio  44122

      c.    Defendants' Counsel:

          Joshua M. Newville, Esq.
          Proskauer Rose LLP
          11 Times Square
          New York, New York  10036-8299

*and* (*ii*) emailed to arosca@rscounsel.law and jnewville@proskauer.com.

31.     If a Class Member (at his, her, or its own expense) hires an attorney to represent

him, her, or it for purposes of objecting, such attorney must serve a notice of appearance on

Class Counsel and Defendants' Counsel and file it with the Court (at the addresses set out above)

so that it is received by no later than twenty-eight (28) days before the date of the Fairness

Hearing as initially set by the Court in this Order.

32.     Any Class Member who does not make an objection in the time and manner provided in the Postcard Notice and Long-Form Notice and this Order shall be deemed to have waived such objection, shall be bound by the terms of the Settlement Agreement and the Approval Order and Judgment, and shall be foreclosed forever from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, unless otherwise allowed by the Court.

33.     Potential Class Members who exclude themselves from the proposed Settlement and the Class are not entitled to object to the proposed Settlement.

34.     **Appearance at the Fairness Hearing.** Any Class Member may appear at the Fairness Hearing either directly or through counsel retained at the Class Member's expense to address the fairness, reasonableness, or adequacy of any aspect of the proposed Settlement. Class Members or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear, setting forth, among other things, the name, address, telephone number, and e-mail address (if available) of the Class Member (and, if applicable, of the Class Member's attorney). Such notice of intention to appear must be served on Class Counsel and Defendants' Counsel and filed with the Court (at the addresses set out in paragraph 30 above) so that it is received by no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order. Any Class Member (or attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. It is within the Court's discretion to allow appearances at the Fairness Hearing in person, by telephone, or by videoconference.

35.     Any Class Member who wishes to appear at the Fairness Hearing to object to the proposed Settlement, proposed Plan of Allocation, Attorneys' Fees and Expenses Application, and/or Incentive Application must also comply with the provisions of paragraphs 28 through 33 above

36.     **Preliminary Injunction.**  Pending final determination of whether the proposed Settlement should be approved, the Court orders as follows:

a.     Plaintiffs and all other Class Members (and their attorneys, accountants, agents, advisors, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims;

b.     All persons and entities are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims; and

18

c. All Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities, are preliminarily enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Released Releasees' Claims.

37. **Communications with Class Members.** Releasees shall maintain the right to communicate orally and in writing with investors or prospective investors (including potential Class Members) in the normal course of business and as provided in Section VI of the Settlement Agreement.

38. **Filing of Papers.** All papers in support of the proposed Settlement shall be filed and served as set forth below:

a. Any motions for final approval of the proposed Settlement and Plan of Allocation and/or any motions for an Attorneys' Fees and Expenses Award and/or an Incentive Award must be filed by no later than thirty-five (35) days before the date of the Fairness Hearing as initially set by the Court in this Order.

b. Any oppositions to any motions for final approval of the proposed Settlement or the Plan of Allocation, and/or for an Attorneys' Fees and Expenses Award and/or an Incentive Award, must be filed with the Court and received by Class Counsel and Defendants' Counsel, at the addresses and email addresses set out in paragraph 30, by no later than twenty-eight (28) days before the date of the Fairness Hearing as initially set by the Court in this Order.

c. Any reply papers in support of final approval of the proposed Settlement, the Plan of Allocation, and/or an Attorneys' Fees and Expenses Award and/or Incentive Award, and any responses to objections submitted pursuant to paragraph 28 or to oppositions submitted

19

pursuant to paragraph 38.b, must be filed and served by no later than seven (7) days before the date of the Fairness Hearing as initially set by the Court in this Order.

39. **Qualified Settlement Fund.** The Escrow Account, held by Strategic Claims Services (which the Court approves as the Escrow Agent), into which the Settlement Amount will be paid shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§ 1.468B-0 through 1.468B-5.

40. **Confidentiality Agreement.** The Confidentiality Agreement annexed as Exhibit H to the Stipulation of Settlement is hereby incorporated into this Order, and any breach of the Confidentiality Agreement shall be deemed a breach of a court order. Pursuant to Fed. R. Evid. 502(d), the Court hereby orders that any disclosures made pursuant to the Confidentiality Agreement shall not constitute a waiver of privilege or other protection in any federal or state proceeding.

41. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement or (*ii*) the proposed Settlement is terminated in accordance with the terms of the Settlement Agreement or does not become effective as required by its terms for any other reason; *provided, however*, that paragraph 40 of this Order (concerning the Confidentiality Agreement) shall remain in effect even if the rest of this Order becomes null and void pursuant to this paragraph 41. In such event, the Settlement Agreement shall become null and void and of no further force and effect in accordance with its terms, and it shall not be used or referred to for any purpose whatsoever except as set out in Section XV of the Settlement Agreement.

20

42.   **Use of Order.**  Except as to paragraph 40, this Order shall be of no force or effect if the proposed Settlement does not become Final.  This Order shall not be construed or used as an admission, concession, or declaration by or against the Releasees of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or any other Class Member that his, her, its, or their claims lack merit or that the relief requested in the Complaint is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims that he, she, or it might have.

43.   **Sharing of Papers.**  Class Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

44.   **Potential Continuance of Fairness Hearing.**  The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to potential Class Members.  The Court may decide to hold the Fairness Hearing telephonically or by videoconference without further notice to the Class.  Any Class Member (or his, her, or its counsel) who wishes to appear at the Fairness Hearing should consult the Court's calendar and/or the Claims Administrator's website for any change in date, time, or format of the hearing.

45.   **Retention of Jurisdiction.**  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 21st day of Nov., 2022.

_____
United States Magistrate Judge

21

128256084v6