## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **TIMOTHY O'HERN,** *et al.*, **Individually and on Behalf of All Others Similarly Situated,**<br><br>                                                    **Plaintiffs,**<br><br>     **v.**<br><br>**VIDA LONGEVITY FUND, LP,** *et al.*,<br><br>                                                    **Defendants.** | **No. 1:21-cv-00402-SRF** |

## [PROPOSED] ORDER APPROVING
## <u>CLASS-ACTION SETTLEMENT</u>

WHEREAS Plaintiffs Timothy O'Hern, Semyon Rodkin, and Dominic Cardinale, on

behalf of themselves and the Class (as defined below), and Defendants Vida Longevity

Fund, LP, Vida Management I, LLC, Vida Capital Management, LLC, Vida Capital, Inc., Vida

Capital, LLC, and Jeffrey R. Serra have entered into a Settlement Agreement to settle the claims

asserted in this Action; and

WHEREAS Plaintiffs and Defendants have applied to the Court pursuant to Fed. R. Civ.

P. 23(e) for an Order granting final approval of the proposed settlement in accordance with the

Settlement Agreement, which sets forth the terms and conditions of the proposed settlement (the

"Settlement"); and

WHEREAS, on November 21, 2022, the Court entered the Preliminary Approval Order

preliminarily approving the proposed Settlement, preliminarily certifying the Class for settlement

purposes, directing notice to be sent and published to potential Class Members, and scheduling a

hearing (the "Fairness Hearing") to consider whether to approve the proposed Settlement, the

proposed Plan of Allocation, Plaintiffs' Counsel's application for an Attorneys' Fees and Expenses Award, and Plaintiffs' application for an Incentive Award; and

WHEREAS the Court held the Fairness Hearing on _____, 2023 to determine, among other things, (*i*) whether the terms and conditions of the proposed Settlement are fair, reasonable, and adequate and should therefore be approved; (*ii*) whether the Class should be finally certified for settlement purposes; (*iii*) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to potential Class Members in accordance with the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; (*iv*) whether to approve the proposed Plan of Allocation; (*v*) whether to enter an order and judgment dismissing the Action on the merits and with prejudice as to Defendants and against all Class Members, and releasing all the Released Class Claims and Released Releasees' Claims as provided in the Settlement Agreement; (*vi*) whether to enter the requested permanent injunction and bar order as provided in the Settlement Agreement; (*vii*) whether and in what amount to grant an Attorneys' Fees and Expenses Award to Plaintiffs' Counsel; and (*viii*) whether and in what amount to grant an Incentive Award to Plaintiffs; and

WHEREAS the Court received submissions before and heard argument at the Fairness Hearing;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and the other materials of record in this action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.   **Incorporation of Settlement Documents.**  This Order incorporates and makes a part hereof the Settlement Agreement dated as of July 8, 2022, including its defined terms.  To

the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement.[1]

2.     **Jurisdiction.**  The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, and all other Class Members (as defined below) and has jurisdiction to enter this Order and the Judgment.

3.     **Final Class Certification**.  The Court grants certification of the Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3).  The Class is defined to consist of all persons and entities who, during the period from January 1, 2017 through March 19, 2021, inclusive, purchased or otherwise acquired VLF Interests, either directly, or indirectly through Life Assets Trust S.A. Compartments VII and/or VIII, pursuant to an offering of those partnership interests.  Excluded from the Class are:

a.     such persons or entities who submitted valid and timely requests for exclusion from the Class;

b.     such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

c.     Defendants; the agents or employees of Defendants; any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants during the Class Period (*provided, however,* that the term "affiliate" or "affiliated with" shall not include Life Assets Trust S.A. Compartments VII and VIII); and any judge or judicial officer who may hear any aspect of this case, and his or her law clerks.

---

[1]     Selected definitions from the Settlement Agreement are set out in the Appendix to this Order.

4.      This certification of the Class is made for the sole purpose of consummating the Settlement of the Action in accordance with the Settlement Agreement.  If the Court's approval of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect deemed unacceptable by a Settling Party, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter.

5.      For purposes of the settlement of the Action, and only for those purposes, the Court finds that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) and any other applicable laws have been satisfied, in that:

a.      The Class is ascertainable from business records and/or from objective criteria;

b.      The Class is so numerous that joinder of all members would be impractical;

c.      One or more questions of fact and/or law are common to all Class Members;

d.      Plaintiffs' claims are typical of those of the other members of the Class;

e.      Plaintiffs have been and are capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Plaintiffs' interests have been and are consistent with those of the other Class Members, (*ii*) Rosca Scarlato, LLC ("Class Counsel") has been and is able and qualified to represent the Class, and (*iii*) Plaintiffs and Class Counsel have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

f.    For settlement purposes, questions of law and/or fact common to members of the Class predominate over any such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action.  In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the questions of law and fact pled in the Complaint, (*ii*) the Class Members' interest in the fairness, reasonableness, and adequacy of the proposed Settlement, (*iii*) the Class Members' interests in individually controlling the prosecution of separate actions, (*iv*) the impracticability or inefficiency of prosecuting separate actions, (*v*) the extent and nature of any litigation concerning these claims already commenced, and (*vi*) the desirability of concentrating the litigation of the claims in a particular forum.

6.    **Final Certification of Plaintiffs and Appointment of Class Counsel for Settlement Purposes.**  Solely for purposes of the proposed Settlement, the Court hereby confirms its (*i*) certification of Plaintiffs as representatives of the Class and (*ii*) appointment of Class Counsel as counsel for the Class pursuant to Fed. R. Civ. P. 23(g).

7.    **Notice.**  The Court finds that the distribution of the Postcard Notice, Long-Form Notice, and Claim Form, the publication of the Summary Notice, and the notice methodology as set forth in the Preliminary Approval Order all were implemented in accordance with the terms of that Order.  The Court further finds that the Postcard Notice, Long-Form Notice, Claim Form, Summary Notice, and notice methodology (*i*) constituted the best practicable notice to potential Class Members, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement Agreement (including the release of claims), their right to object to the proposed Settlement, their right to exclude themselves from the Class,

and their right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice (including any State and/or federal authorities entitled to receive notice under the Class Action Fairness Act of 2005), and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law. The Court confirms its prior ruling that, in the circumstances of the Action and this Settlement, the use of the Postcard Notice as part of the Notice Program was reasonable and appropriate.

8. **Final Settlement Approval.** The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their experienced counsel – under the auspices of Jed Melnick, Esq., of JAMS, serving as mediator – and was entered into in good faith. The terms of the Settlement Agreement do not have any material deficiencies, do not improperly grant preferential treatment to any individual Class Member, and treat Class Members equitably relative to each other. Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of the Court, and in the best interests of the Class Members.

9. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among eligible Class Members.

10. In making these findings and in concluding that the relief provided to the Class is fair, reasonable, and adequate, the Court considered, among other factors, the considerations

outlined in Federal Rule of Civil Procedure 23(e)(2) and in *In re National Football League Players Concussion Injury Litigation*, 821 F.3d 410, 437 (3d Cir. 2016), including (*i*) the complexity, expense, and likely duration of the litigation if it were to continue, including the costs, risks, and delay of trial and appeal; (*ii*) the reaction of the potential Class Members to the proposed Settlement, including the number of exclusion requests and the number of objections; (*iii*) the stage of the proceedings and the amount of discovery and other materials available to Class Counsel, including the Due-Diligence Discovery provided to Class Counsel; (*iv*) the risks of establishing liability and damages, including the nature of the claims asserted and the strength of Plaintiffs' claims and Defendants' defenses as to liability and damages; (*v*) Plaintiffs' risks of obtaining certification of a litigation class and of maintaining certification through trial; (*vi*) the ability of Defendants to withstand a greater judgment; (*vii*) the range of reasonableness of the Settlement Amount in light of the best possible recovery; (*viii*) the range of reasonableness of the Settlement Amount to a possible recovery in light of all the attendant risks of litigation; (*ix*) the availability of opt-out rights for potential Class Members who do not wish to participate in the Settlement; (*x*) the effectiveness of the procedures for processing Class Members' claims for relief from the Settlement Fund and distributing such relief to eligible Class Members; (*xi*) the terms of the proposed award of attorneys' fees, including the timing of the payment; (*xii*) the terms of the Supplemental Agreement; (*xiii*) the treatment of Class Members relative to each other; (*xiv*) the adequacy of Plaintiffs' and Class Counsel's representation of the Class; (*xv*) the arm's-length nature of the negotiation of the proposed Settlement; (*xvi*) the involvement of a respected and experienced mediator (Mr. Melnick); (*xvii*) the experience and views of the Settling Parties' counsel; (*xviii*) the submissions and arguments made throughout the proceedings

by the Settling Parties; and (*xix*) the submissions and arguments made at and in connection with the Fairness Hearing.

11.     The Settling Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions.  The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

12.     **Releases.**  Pursuant to this Approval Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, Plaintiffs and all other Class Members (whether or not a Claim Form has been executed and/or delivered by or on behalf of any such Class Member), on behalf of themselves and the other Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

    a.     all Released Class Claims against each and every one of the Releasees;

    b.     all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement, and/or (*v*) the resolution of any Claim Forms submitted in connection with the Settlement; and

    c.     all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs

8

(including, without limitation, Labaton Sucharow LLP) or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

13.    Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, each and every Releasee, including Defendants' Counsel, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Plaintiffs, Plaintiffs' Counsel, and each and all other Releasors from any and all Released Releasees' Claims, except to the extent otherwise specified in the Settlement Agreement.

14.    Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, Plaintiffs' Counsel and any other counsel representing Plaintiffs (including, without limitation, Labaton Sucharow LLP) or any other Class Member in connection with or related in any manner to the Action, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, and assigns, and any person or entity claiming by, through, or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Defendants, Defendants' Counsel, and all other Releasees from any and all Claims that relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements

9

or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, except to the extent otherwise specified in the Settlement Agreement, and (*iv*) except as provided in paragraph 21 below, any claims for attorneys' fees and expenses in connection with the foregoing matters.

15.    Notwithstanding paragraphs 12 through 14 above, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order, or the Judgment.

16.    **Permanent Injunction.**  The Court orders as follows:

a.    Plaintiffs and all other Class Members (and their attorneys, accountants, agents, advisors, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims;

b.    All persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending

action in any jurisdiction) or other proceeding on behalf of any Class Members as to the

Releasees, if such other lawsuit is based on or related to the Released Class Claims; and

        c.      All Releasees, and anyone purporting to act on behalf of, for the benefit

of, or derivatively for any such persons or entities, are permanently enjoined from commencing,

prosecuting, intervening in, or participating in any claims or causes of action relating to Released

Releasees' Claims.

      17.     Notwithstanding paragraph 16 above, nothing in this Order or in the Judgment

shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the

Settlement Agreement, this Order, or the Judgment.

      18.     **<u>Complete Bar Order</u>.**  To effectuate the Settlement, the Court hereby enters the

following Complete Bar Order:

        a.      Any and all persons and entities are permanently barred, enjoined, and

restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising

under any federal, state, or foreign statutory or common-law rule, however styled, whether for

indemnification or contribution or otherwise denominated, including Claims for breach of

contract or for misrepresentation, where the Claim is or arises from or is based upon a Released

Class Claim or Suitability Claim and the alleged injury to such person or entity arises from or is

based upon that person's or entity's alleged liability to the Class or any Class Member, including

any Claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts

that such person or entity has or might become liable to pay to the Class or any Class Member

and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any

Class Member.  All such Claims are hereby extinguished, discharged, satisfied, and

unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this

subparagraph are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from or is based upon a Released Class Claim or Suitability Claim and where the alleged injury to such person or entity arises from or is based upon that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that, if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Class Claim or Suitability Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member and (*ii*) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

b.    Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from or is based upon a Released Class Claim or Suitability Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (*i*) any amounts that any such Releasee has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending

12

any Claim by the Class or any Class Member.  All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

        c.     Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from or is based upon a Released Class Claim or Suitability Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this paragraph 18 or otherwise, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (*i*) such petitioner, (*ii*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*iii*) any person or entity that participated with any of the preceding persons or entities described in items (*i*) and/or (*ii*) of this subparagraph in connection with the assertion of the Claim brought against the Releasee(s).

        d.     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Class Claim.

        e.     Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release,

interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct and Claims at issue in the Action.

19.    **No Admissions.**  This Order and the Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability, or by any of the Releasors of any infirmity in Plaintiffs' Claims.  This Order, the Judgment, and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Class Claims.  In no event shall this Order, the Judgment, the Settlement Agreement, any of their provisions, or any negotiations, statements, or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding, except a proceeding to enforce the Settlement Agreement.  Without limiting the foregoing, this Order, the Judgment, the Settlement Agreement, and any related negotiations, statements, or court proceedings shall not be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession (*i*) of any kind against the Settling Parties or the other Releasees and Releasors in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding, (*ii*) of any liability or wrongdoing whatsoever on the part of any person or entity, including Defendants, or as a waiver by Defendants of any applicable defense, or (*iii*) by Plaintiffs or the Class of the infirmities of any claims, causes of action, or remedies.

20.     Notwithstanding anything in paragraph 19 above, this Order, the Judgment, and/or the Settlement Agreement may be filed in any action against or by any Releasee to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, injunction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

21.     **Attorneys' Fees and Expenses Award.**  Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of ___% of the Settlement Amount and expenses in the amount of $_____.  Those amounts shall be paid out of the Settlement Fund (as that term is defined in the Settlement Agreement) pursuant to the terms set out in Section X of the Settlement Agreement.  The Court finds that the Attorneys' Fees and Expenses Award is fair, reasonable, and appropriate.

22.     In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:  (a) the Settlement has created a fund of $1.4 million that has been paid into escrow pursuant to the terms of the Settlement and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement; (b) the fees sought by Plaintiffs' Counsel have been reviewed and approved as fair and reasonable by Plaintiffs; (c) both the Postcard Notice (which was mailed to all potential Class Members who could be identified with reasonable effort) and the Long-Form Notice (which was available to any potential Class Member by request or on the Settlement website) stated that Plaintiffs' Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Amount and reimbursement of litigation expenses in an amount not to exceed $50,000; (d) Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill and perseverance; (e) the Action raised complex issues; (f) the Action presented significant risks to establishing liability and

damages; and (g) the amount of attorneys' fees and expenses is fair and reasonable and consistent with awards in similar cases.

23.    **Incentive Award.**  The Court finds that the requested Incentive Award of $_____to Plaintiffs is reasonable in the circumstances.  This amount shall be paid out of the Settlement Fund pursuant to the terms set out in Section XI of the Settlement Agreement.

24.    **Modification of Settlement Agreement.**  Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement (including its exhibits) that (*i*) are not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Class Members under the Settlement Agreement.

25.    **Dismissal of Action.**  The Action, including all Claims that have been asserted, is hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party except as otherwise provided in the Settlement Agreement.

26.    **Retention of Jurisdiction.**  Without in any way affecting the finality of this Order and the Judgment, and subject to the Mediator's ability to make final, binding, and nonappealable rulings as prescribed in the Settlement Agreement, the Court expressly retains continuing and exclusive jurisdiction over the Settlement and all Settling Parties, the Class Members, and anyone else who appeared before this Court for all matters relating to the Action, including the administration, consummation, interpretation, implementation, or enforcement of the Settlement Agreement or of this Order and the Judgment, and for any other reasonably necessary purposes, including:

a.    enforcing the terms and conditions of the Settlement Agreement, this Order, and the Judgment (including the Complete Bar Order and the permanent injunction);

        b.      resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order, or the Judgment (including whether a person or entity is or is not a Class Member and whether Claims or causes of action allegedly related to the Released Class Claims are or are not barred by this Order and the Judgment or the Release);

        c.      entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, including whether to impose a bond on any parties who appeal from this Order or the Judgment; and

        d.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

27.    **Rule 11 Findings.**  The Court finds that the Complaint filed in the Action was filed on a good-faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.  The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

28.    **Termination.**  If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including pursuant to Section XIV), this Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement; *provided, however,* that paragraph 40 of the Preliminary Approval Order (concerning the Confidentiality Agreement) shall remain in effect even if this Order and the Judgment are rendered null and void.

29.    **Entry of Judgment.**  There is no just reason to delay the entry of this Order and the Judgment, and immediate entry by the Clerk of Court is expressly directed pursuant to

Rule 58 of the Federal Rules of Civil Procedure.  Any appeal from this Order or other proceeding

seeking subsequent judicial review of this Order pertaining solely to (*i*) the attorneys' fees or

expenses awarded to Plaintiffs' Counsel, (*ii*) the Incentive Award to Plaintiffs, and/or (*iii*) the

Plan of Allocation shall not in any way delay or preclude this Order from becoming Final under

the terms of the Settlement Agreement.

       SO ORDERED this _____day of _____, 2023.


                      _____

                      United States Magistrate Judge

EXHIBIT B – Appendix A

## APPENDIX OF SELECTED SETTLEMENT DEFINITIONS

"**Action**" means the securities class action now pending in this Court and captioned *O'Hern v. Vida Longevity Fund, LP*, No. 1:21-cv-00402-SRF (D. Del.), including any other cases that have been or might be consolidated into that action as of the Final Settlement Date.

"**Operative Facts**" means those facts and circumstances that provide the factual predicate for the claims asserted in the Action and shall include, among other things:

a.      The offering and sale of VLF Interests during the Class Period, including all documents (including Private Placement Memoranda) used and representations made in connection with such offering or sale;

b.      Defendants' communications with purchasers or prospective purchasers of VLF Interests during the Class Period, including quarterly letters to investors and any other reports to investors;

c.      The performance of VLF Interests during the Class Period, including Defendants' information and explanations about such performance and any financial guidance, projections, or expectations concerning such performance;

d.      Defendants' statements about VLF's purposes, objectives, goals, investment criteria, due-diligence processes, underwriting procedures, and risk management during the Class Period;

e.      Defendants' valuation of VLF's investments and VLF Interests during the Class Period, including internal controls, underwriting procedures, and other procedures for evaluating and pricing VLF's investments, and any alleged failure to update valuations, procedures, or life-expectancy reports;

       f.      Defendants' alleged failure during the Class Period to ensure adequate separation between VLF's underwriting and origination functions and to maintain adequate personnel, including on VLF's portfolio-management and risk teams;

       g.      Defendants' reliance on third-party life-expectancy providers and Defendants' subsequent use of proprietary approaches to value VLF's investments;

       h.      Alleged conflicts of interest between or among Defendants and their affiliated entities during the Class Period (including any alleged conflicts of interest between or among VLF, Jeffrey R. Serra, and Ovation Partners, LP);

       i.      Any redemptions or liquidations of VLF Interests during the Class Period by Defendants, any other Releasee, or any of their affiliated entities during the Class Period;

       j.      Vida Management's management of VLF during the Class Period, including Vida Management's researching, selecting, monitoring, and otherwise making decisions about VLF's investments;

       k.      Magna Life Settlement's sale of, facilitation of the sale of, or provision of advice about life-settlement assets to VLF during the Class Period, and any alleged conflict of interest between Magna Life Settlement and any Defendant;

       l.      VLF's management fees and performance allocations during the Class Period;

       m.      Any alleged communications (whether internal to Defendants or external, and whether oral or written) relating to or evidencing any of the alleged conduct described in Section I.A.42.a-l;

       n.      Any alleged misstatements or omissions during the Class Period relating to any of the matters described in Sections I.A.42.a-m;

o.    Any alleged inflation or decline in the price or value of VLF Interests during the Class Period that is related to or arises out of the alleged conduct and/or topics described in Sections I.A.42.a-n; and

p.    Any Claims under the TSA or any other law arising out of the alleged conduct and/or topics described in Sections I.A.42.a-o.

"**Released Class Claims**" means each and every Claim that existed as of, on, or before the Execution Date and that Plaintiffs or any other Class Member (*i*) asserted against any of the Releasees in the Action (including all Claims alleged in the Complaint) or (*ii*) could have asserted or could assert against any of the Releasees arising out of or relating to any of the Operative Facts or any alleged statements about, mischaracterizations of, or omissions concerning them, whether arising under any federal, state, or other statutory or common-law rule or under any foreign law, in any court, tribunal, agency, or other forum, if such Claim also arises out of or relates to the purchase or other acquisition of VLF Interests, or to any other Investment Decision, during the Class Period; *provided*, *however*, that the term "Released Class Claims" does not include (*i*) any Suitability Claim, (*ii*) any claims asserted in any shareholder derivative action on behalf of VLF, including without limitation the derivative claims asserted in the Derivative Action, or (*iii*) any claims to enforce this Settlement Agreement.

"**Released Releasees' Claims**" means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee (including Defendants and their successors and assigns), or his, her, or its respective estates, heirs, executors, agents, attorneys (including in-house counsel, outside counsel, and Defendants' Counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and assigns, against Plaintiffs, any other Class Members, or any of their respective attorneys

(including, without limitation, Plaintiffs' Counsel), and that arises out of or relates in any way to the initiation, prosecution, or settlement of the Action or the implementation of this Settlement Agreement; *provided, however*, that Released Releasees' Claim shall not include any Claim to enforce the Settlement Agreement.

"**Releasee**" means each and every one of, and "Releasees" means all of, (*i*) Defendants, (*ii*) Defendants' Affiliates, (*iii*) each of Defendants' current and former officers, directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and any entities (a) in which any Defendant or any Defendant's Affiliate has or had a Controlling Interest or (b) that has or had a Controlling Interest in any Defendant or any Defendant's Affiliate, (*iv*) for each of the foregoing Releasees, (*y*) to the extent the Releasee is an entity, each of its current and former officers, directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Defendants' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and any entities in which any Releasee has or had a Controlling Interest or that has or had a Controlling Interest in the Releasee, and (*z*) to the extent the Releasee is an individual, each of his or her Family Members, estates, heirs, executors, beneficiaries, trusts, trustees, agents, representatives, attorneys (including Defendants' Counsel), advisors, administrators, accountants, consultants, assigns, assignees, representatives,

partners, successors-in-interest, insurance carriers, and reinsurers, and (*v*) any person purporting to assert a Released Releasees' Claim on behalf of, for the benefit of, or derivatively for any such Releasee.

"**Releasor**" means each and every one of, and "Releasors" means all of, (*i*) Plaintiffs, (*ii*) all other Class Members, (*iii*) for each of the foregoing Releasors, (*y*) to the extent the Releasor is an entity, each of its current and former officers, directors, employees, agents, representatives, any and all in-house counsel and outside counsel (including Plaintiffs' Counsel), advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and any entities in which any Releasor has or had a Controlling Interest or that has or had a Controlling Interest in the Releasor, and (*z*) to the extent the Releasor is an individual, each of his or her Family Members, estates, heirs, executors, beneficiaries, trusts, trustees, agents, representatives, attorneys (including Plaintiffs' Counsel), advisors, administrators, accountants, consultants, assigns, assignees, representatives, partners, successors-in-interest, insurance carriers, and reinsurers, and (*iv*) any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasor.

"**Suitability Claim**" means any claim against a broker, investment advisor, or other person or entity alleging that (*i*) such person or entity told, suggested to, recommended to, or advised a Class Member that an investment in VLF Interests would be suitable for such Class Member and (*ii*) the investment was not suitable for such Class Member because VLF Interests (a) were not sufficiently liquid, (b) would constitute too large a percentage of such Class Member's assets, and/or (c) were not consistent with the Class Member's investment risk

tolerance or investment objectives and/or time frame; *provided, howev*er, that a Suitability Claim shall not apply to, or be a basis for or part of, any claim or attempted claim (however or by whomever brought) against any Releasee or any other person or entity affiliated with any Releasee.

"**VLF Interests**" means limited partnership interests in VLF, whether purchased directly, or indirectly through Life Assets Trust S.A. Compartments VII and VIII, pursuant to an offering of those limited partnership interests.